UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                              )
IBIN QADIR JACKSON,           )
                              )
            Plaintiff,        )
                              )
      v.                      )   Civil Action No. 18-1978 (ABJ)
                              )
DISTRICT HOSPITAL PARTNERS, L.P. )
    *doing business as*       )
    GEORGE WASHINGTON         )
    UNIVERSITY HOSPITAL,      )
                              )
            Defendant.        )
_____)

## MEMORANDUM OPINION

On July 16, 2018, *pro se* plaintiff Ibin Qadir Jackson brought this action in the Superior Court for the District of Columbia against defendant District Hospital Partners, LP, d/b/a The George Washington University Hospital ("GWUH"), alleging that he "was wrongfully terminated for briefly . . . raising [his] voice in relation to being coerced and forced to work on 1 of the only 2 official holidays in the Mulsim [sic] religion." Ex. A to Notice of Removal [Dkt. # 1-2] ("Compl.") at 1. He attached to his complaint an unsworn and undated U.S. Equal Employment Opportunity Commission "Charge of Discrimination" form that accused defendant of discriminating against him based on race, sex, religion, and retaliation in violation of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. § 2000e, *et seq*. *Id.* at 4. Plaintiff seeks lost wages from July 2016 to November 2017. *Id.* at 1; Resp. to Def.'s Mot. [Dkt. # 9] ("Pl.'s Opp.") at 2.

On August 23, 2018, defendant removed this action pursuant to the Court's federal question jurisdiction, and it simultaneously moved to dismiss the complaint for failure to state a claim under

Federal Rule of Civil Procedure 12(b)(6). Notice of Removal [Dkt. # 1] ¶ 9; Civil Cover Sheet [Dkt. # 1-1]. Plaintiff opposed that motion, maintaining that he stated a claim against defendant under Title VII of the Civil Rights Act and "religious accommodation law." Pl.'s Opp. at 1. Defendant did not file a reply in support of its motion. For the reasons stated below, the Court will deny defendant's motion to dismiss and will allow plaintiff's Title VII disparate treatment claim, 42 U.S.C. § 2000e-2(a)(1), and retaliation claim, 42 U.S.C. § 2000e-3(a), to move forward.

## BACKGROUND

The Court accepts the following factual allegations in *pro se* plaintiff's filings as true, as it must at this stage. *Sparrow v. United Air Lines, Inc.*, 216 F.3d 1111, 1113 (D.C. Cir. 2000). Plaintiff is a Muslim, African-American male who was formerly employed as an orderly, also known as a "float technician," by GWUH. Ex. B to Notice of Removal [Dkt. # 1-3] ("Charge of Discrimination") at 1. In his three-sentence complaint, plaintiff alleges that he was wrongfully terminated in July 2016:

> I was wrongfully terminated for briefly (10 seconds) raising my voice in relation to being coerced and forced to work on 1 of the only 2 official holidays in the Mulsim [sic] religion, Eid-al-fitr. I routinely worked 64-80 hours weekly and was refuse [sic] my only religious accommodation request in my 3 year tenure. . . . I was unemployed from July 2016-Nov[.] 2017 and seeking lost wages.

Compl. at 1. Defendant attached to his complaint his unsworn and undated "Charge of Discrimination," form which identifies the cause of discrimination as race, sex, religion, and retaliation. Charge of Discrimination at 1.

In the attached Charge of Discrimination, plaintiff expands upon the three-sentence complaint. He alleges that he was scheduled to work from 7:00 pm to 7:00 am on July 6, 2016, which coincided with "Eid-el Fatir," a Muslim holiday to celebrate the end of Ramadan. Charge of Discrimination at 1. He called his manager on that day to ask if he could take the day off, but

2

his manager declined his request, and told him he needed to work at "4S Medical Surgery," an assignment plaintiff described as requiring "technical skill." *Id.* However, once plaintiff arrived for his shift on July 6, he was told he would be a "sitter" in the Emergency Department, which required him "to simply observe the patients." *Id.* at 2. According to plaintiff, he "was fine with working at 4S [Medical Surgery] as [he] liked the challenging environment," *id.* at 1, but the "sitter" assignment "felt like this was further punishment and retaliation for [his] religious beliefs." *Id.* at 2. Given the importance of religious observance on that day, plaintiff considered it "demeaning for . . . GWU[H] to not give [him] the day off, [and] to tell [him] that [his] services were needed in the emergency room, only to be now told, that [he] was to sit and observe patients." *Id.*

Plaintiff went to the staffing specialist and hospital operations supervisor and raised his voice stating that he "needed the day off to celebrate *Eid*," and complaining that "[he] work[s] really hard, and not be getting the day off and for what? For this? Anybody can be sitting at the Emergency Department." Charge of Discrimination at 2. The hospital operations specialist asked plaintiff to "calm down," sent him home because of his "state of mind," and took his badge away. *Id.* He was suspended from July 7, 2016, to July 10, 2016, and was told by his manager that GWUH was "conducting an investigation" into the incident. *Id.*

On July 20, 2016, plaintiff attended a meeting with his manager and the human resources supervisor where he was terminated. Charge of Discrimination at 2. He was told that his behavior on July 6 was "unprofessional and disruptive" and that he was being terminated because that was his third incident of misconduct. *Id.* According to plaintiff, the first incident occurred in 2014 when a patient was found sitting on the floor in his absence, and the second incident occurred in May 2016 when he briefly left his post to go to an ATM. *Id.*

3

Plaintiff states that he "believe[s] [he] was discriminated and retaliated against by GWU[H] for exercising [his] religious rights for accommodations," and he asked the EEOC to "enforce all [his] federal rights." Charge of Discrimination at 2. He claims that "other non-Muslim, non-Male, non-African American individuals have been treated better than [him], and were not terminated for 'raising their voice.'" *Id.*

It appears that plaintiff signed a copy of the Charge of Discrimination form on July 27, 2016, and submitted it to the EEOC. Ex. C to Notice of Removal [Dkt. # 1-4] ("Signed - Charge of Discrimination"). Defendant attached a copy of this signed document with its Notice of Removal as well as a letter from the EEOC dated October 6, 2016, which informed defendant that plaintiff had filed a charge of discrimination against it "based on religion, retaliation, race and sex, and involv[ing] issues of discharge that are alleged to have occurred on or about July 20, 2016." Ex. C to Notice of Removal [Dkt. # 1-4] ("EEOC Notice of Charge of Discrimination").

Plaintiff's EEOC case was dismissed approximately two years later on April 18, 2018. EEOC Dismissal and Notice of Rights [Dkt. # 1-2]. Plaintiff attached to his complaint the EEOC order titled "Dismissal and Notice of Rights" which informed him that the agency was closing his case because it was "unable to conclude that the information obtained establishes violations of the statutes." *Id.*

On July 16, 2018, plaintiff filed his discrimination suit in Superior Court for the District of Columbia, *see* Compl., and on August 23, 2018, defendant removed the case to federal court and simultaneously moved to dismiss the suit for failure to state a claim. Notice of Removal [Dkt. # 1]; Def.'s Mot. at Dismiss Pl.'s Compl. [Dkt. # 8] ("Def.'s Mot."). That motion is fully briefed and ripe for decision. *See* Pl.'s Opp.

4

## STANDARD OF REVIEW

"To survive a [Rule 12(b)(6)] motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In *Iqbal*, the Supreme Court reiterated the two principles underlying its decision in *Twombly*: "First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. And "[s]econd, only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id*. at 679, citing *Twombly*, 550 U.S. at 556.

A claim is facially plausible when the pleaded factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. A pleading must offer more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action," *id*., quoting *Twombly*, 550 U.S. at 555, and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*.

In evaluating a motion to dismiss under Rule 12(b)(6), a court must "treat the complaint's factual allegations as true and must grant plaintiff 'the benefit of all inferences that can be derived from the facts alleged.'" *Sparrow*, 216 F.3d at 1113 (internal citation omitted), quoting *Schuler v. United States*, 617 F.2d 605, 608 (D.C. Cir. 1979); *see also Am. Nat'l Ins. Co. v. FDIC*, 642 F.3d 1137, 1139 (D.C. Cir. 2011), quoting *Thomas v. Principi*, 394 F.3d 970, 972 (D.C. Cir. 2005). Therefore, when considering a motion to dismiss, a court must construe a complaint liberally in the plaintiff's favor. *Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994).

Nevertheless, the court need not accept inferences drawn by the plaintiff if those inferences are unsupported by facts alleged in the complaint, nor must the court accept plaintiff's legal conclusions. *Id.*; *see also Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002).

Where the action is brought by a *pro se* plaintiff, a district court has an obligation "to consider his filings as a whole before dismissing a complaint," *Schnitzler v. United States*, 761 F.3d 33, 38 (D.C. Cir. 2014), because such complaints are held "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972).

## ANALYSIS

### I. Courts must construe *pro se* filings liberally and must read all of the plaintiff's filings together when evaluating a motion to dismiss.

Defendant moves to dismiss on the ground that plaintiff failed to reference in his complaint a "specific statute pursuant to which he is making his claim(s)," and as such "defendant has insufficient notice." Def.'s Mot. at 5, 7. Both plaintiff's and defendant's filings demonstrate that defendant has sufficient notice of the basis of this suit.

When determining whether a complaint fails to state a claim, courts consider "the facts alleged in the complaint, documents attached as exhibits or incorporated by reference in the complaint, and matters about which the Court may take judicial notice." *Gustave-Schmidt v. Chao*, 226 F. Supp. 2d 191, 196 (D.D.C. 2002), citing *EEOC v. St. Francis Xavier Parochial Sch.*, 117 F.3d 621, 624–25 (D.C. Cir. 1997). In construing *pro se* filings liberally, the court must read "all of the plaintiff's filings together." *Harris v. Fulwood*, 947 F. Supp. 2d 26, 28–29 (D.D.C. 2013), quoting *Richardson v. United States*, 193 F.3d 545, 548 (D.C. Cir. 1999); *see also Plummer v. Safeway, Inc.*, 934 F. Supp. 2d 191, 197 (D.D.C. 2013) (permitting factual detail from plaintiff's opposition to be considered to support plaintiff's claims).

Looking at plaintiff's filings together, it is clear that plaintiff is suing defendant for employment discrimination based on race, sex, religion, and retaliation under Title VII. The complaint alleges that plaintiff was "wrongfully terminated," Compl. at 1, and the EEOC Charge of Discrimination he attached to the complaint, identifies the "cause of discrimination" as race, sex, religion, and retaliation. Charge of Discrimination at 1. In his opposition, plaintiff specifically asserts that he is bringing his claims under "Title VII of the Civil Rights Act of 1964" and "religious accommodation law." Pl.'s Opp. at 1, quoting 42 U.S.C. § 2000e-2(a)(1). So, looking at plaintiff's complaint, Charge of Discrimination, and response, defendant was plainly on notice.

Even defendant's own filings demonstrate that it is fully aware of the basis of this suit. Defendant removed this case based on federal question jurisdiction and it acknowledged in its Notice of Removal that plaintiff had attached to his complaint an unsigned and undated EEOC Charge of Discrimination. Notice of Removal at 2. Defendant also acknowledged that prior to the filing of this action, the EEOC notified GWUH that plaintiff had filed Title VII discrimination charges against it based on religion, retaliation, race and sex, arising from the same July 2016 incident and termination that is the basis of plaintiff's complaint. *Id.* Notably, defendant attached a *signed* version of plaintiff's Charge of Discrimination form as well as the "Notice of Charge of Discrimination" it received from the EEOC on October 6, 2016. EEOC Notice of Charge of Discrimination. So, defendant's argument that it lacks sufficient notice is belied by its own filings.

## II. Plaintiff has stated a claim for disparate treatment and retaliation under Title VII.

Alternatively, defendant argues that even if the Court considers the complaint alongside the Charge of Discrimination, plaintiff's allegations are still insufficient to state a claim upon which relief can be granted. Def.'s Mot. at 8–10. Defendant argues, without citing any legal authority, that the case should be dismissed because "[p]laintiff does not claim to have any

7

entitlement to work in any specific unit for any specific work shift, and he does not allege any damages arising from his work assignment on July 6, 2016." *Id.* at 8. Defendant submits that the complaint sets forth a legitimate, non-discriminatory reason for plaintiff's termination: that he raised his voice. *Id.* at 9. Finally, defendant quotes the Charge of Discrimination and argues that plaintiff's claim that he "'was discriminated and retaliated against by GWU[H] for exercising [his] religious right for accommodations' . . . is a conclusory allegation that is lacking factual support." *Id.*

Title VII makes it unlawful for an employer "to . . . discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). To establish a *prima facie* case of disparate treatment under Title VII's antidiscrimination provision, a plaintiff must establish two essential elements: "that (i) the plaintiff suffered an adverse employment action (ii) because of the plaintiff's race, color, religion, sex, national origin, age, or disability." *Baloch v. Kempthorne*, 550 F.3d 1191, 1196 (D.C. Cir. 2008).

However, at "the motion to dismiss stage, the district court cannot throw out a [discrimination] complaint even if the plaintiff did not plead the elements of a prima facie case." *Brown v. Sessoms*, 774 F.3d 1016, 1023 (D.C. Cir. 2014), quoting *Brady v. Office of Sergeant at Arms*, 520 F.3d 490, 493 (D.C. Cir. 2008). While a plaintiff need not plead a *prima facie* case at this stage, he must nonetheless allege facts that if accepted as true would make his discrimination claims plausible. *Harris v. D.C. Water & Sewer Auth.*, 791 F.3d 65, 70 (D.C. Cir. 2015).

In the Title VII context, this pleading standard is particularly permissive. "Courts in this Circuit 'have consistently recognized the ease with which a plaintiff claiming employment

8

discrimination can survive . . . a motion to dismiss.'" *McNair v. D.C.*, 213 F. Supp. 3d 81, 86 (D.D.C. 2016), quoting *Fennell v. AARP*, 770 F. Supp. 2d 118, 127 (D.D.C. 2011). Considering that plaintiff is proceeding *pro se*, the Court finds that plaintiff's allegations are sufficient to make out a Title VII disparate treatment claim based on race, sex, and religious discrimination, *see* 42 U.S.C. § 2000e-2(a)(1), and a retaliation claim. *See* 42 U.S.C. § 2000e-3(a).

### a) Plaintiff pled a Title VII disparate treatment claim based on race, sex, and religious discrimination.

Plaintiff alleges that he was "wrongfully terminated" on account of his race, sex, and religion. Compl. at 1; Charge of Discrimination at 1. He claims that "other non-Muslim, non-Male, non-African American individuals have been treated better than [him], and were not terminated for 'raising their voice.'" Charge of Discrimination at 2. While his filings lack detail, plaintiff has alleged enough for his disparate treatment claims to move forward at this stage. He alleges he suffered adverse actions – his suspension and termination – because of his race, religion, and sex. And he disputes the explanation given for his termination, alleging that other non-Muslim, non-African-American, and female employees were treated more favorably because they were not fired despite engaging in similar conduct. *See, e.g., Winston v. Clough*, 712 F. Supp. 2d 1, 10 (D.D.C. 2010) (holding plaintiff stated a claim for racial discrimination by alleging that he was subject to discipline that "was motivated by [his] race and color" and "that other co-workers outside [his] protected class" engaged in the same behavior for which he was disciplined "yet none was suspended or disciplined for it").

Although defendant proffers a legitimate, nondiscriminatory reason for plaintiff's termination, a plaintiff at the motion to dismiss stage is not required to negate defendant's proffered explanations. *Rochon v. Gonzales*, 438 F.3d 1211, 1220 (D.C. Cir. 2006); *Munro v. LaHood*, 839 F. Supp. 2d 354, 363 (D.D.C. 2012). However, the Court warns plaintiff that to survive a motion

for summary judgment he must present *evidence*, rather than mere allegations, that defendant's proffered nondiscriminatory reason for his termination is pretextual and that the employer intentionally discriminated against him on the basis of his race, religion, and sex.[1] *Wheeler v. Georgetown Univ. Hosp.*, 812 F.3d 1109, 1114 (D.C. Cir. 2016). At the motion to dismiss stage, the Court must accept plaintiff's allegations as true, but that will not be the case when the case advances to the summary judgment stage.

**b) Plaintiff pled a Title VII retaliation claim.**

The Court also finds that plaintiff sufficiently pled a retaliation claim. Title VII's anti-retaliation provision makes it unlawful for "an employer [to] 'discriminate against' an employee . . . because that individual 'opposed any practice' made unlawful by Title VII or 'made a charge, testified, assisted, or participated in' a Title VII proceeding or investigation." *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 56 (2006), quoting 42 U.S.C. § 2000e-3(a) ("It shall be an unlawful employment practice . . . to discriminate against any . . . employee[] . . . because he has *opposed* any . . . unlawful employment practice . . . or *participated* in any manner in an investigation, proceeding, or hearing under this subchapter.") (emphasis added). In order to

---

1     To meet this burden a plaintiff may rely on several categories of evidence:

> A plaintiff may support an inference that the employer's stated reasons were pretextual, and the real reasons were prohibited discrimination or retaliation, by citing the employer's better treatment of similarly situated employees outside the plaintiff's protected group, its inconsistent or dishonest explanations, its deviation from established procedures or criteria, or the employer's pattern of poor treatment of other employees in the same protected group as the plaintiff, or other relevant evidence that a jury could reasonably conclude evinces an illicit motive.

*Walker v. Johnson*, 798 F.3d 1085, 1092 (D.C. Cir. 2015). It is insufficient to "simply criticiz[e] the employer's decisionmaking process." *Hairston v. Vance–Cooks*, 773 F.3d 266, 272 (D.C. Cir. 2014).

establish a *prima facie* case of retaliation, a plaintiff must show (1) he engaged in a statutorily protected activity; (2) he suffered an adverse employment action; and (3) there is a causal connection between the two. *Taylor v. Small*, 350 F.3d 1286, 1292 (D.C. Cir. 2003). But at this stage, a plaintiff need not plead each element of his *prima facie* retaliation case to survive a motion to dismiss. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511–12 (2002).

A plaintiff can engage in "protected activity" by verbally complaining to his employer about unlawful discrimination. *Broderick v. Donaldson*, 437 F.3d 1226, 1232 (D.C. Cir. 2006). The plaintiff's belief need not be legally accurate; what matters is whether the "employee reasonably and in good faith *believed*" that the employer's conduct was unlawful under Title VII. *McGrath v. Clinton*, 666 F.3d 1377, 1380 (D.C. Cir. 2012) (emphasis in original). In retaliation cases, close temporal proximity between the protected activity and the adverse action can be evidence of a causal connection supporting an inference of retaliation. *Talavera v. Shah*, 638 F.3d 303, 313 (D.C. Cir. 2011).

Here, plaintiff claims he was "retaliated against by GWU[H] for exercising [his] religious rights for accommodations." Charge of Discrimination at 2. He reiterates in his opposition to the motion dismiss that he was terminated "for protesting to a staffing specialist . . . that the law was violated." Pl.'s Opp. at 4. This sufficiently alleges that he engaged in protected activity by "protesting" what he considered discrimination during the July 6 incident. Plaintiff also asserts that he was fired only two weeks after he spoke out against the alleged workplace discrimination. *See* Charge of Discrimination. The close temporal proximity supports an inference of retaliation. At this stage, these allegations are sufficient to sustain plaintiff's retaliation claim. But again, plaintiff should note that at the summary judgment stage he will have to put forth "positive evidence beyond mere proximity" to sustain his retaliation claim. *Shah*, 638 F.3d at 313.

11

## CONCLUSION

For all these reasons, the Court will deny defendant's motion to dismiss, and will allow plaintiff's Title VII disparate treatment claims and retaliation claim to move forward.

A separate order will issue.

**SO ORDERED**.

AMY BERMAN JACKSON
United States District Judge

DATE: August 1, 2019