UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IBIN QADIR JACKSON<br><br>　　　　Plaintiff,<br><br>v.<br><br>DISTRICT HOSPITAL PARTNERS, LP<br>d/b/a The George Washington<br>University Hospital<br><br>　　　　Defendant. | )<br>)<br>)<br>)<br>) Case No. 1:18-cv-01978-ABJ<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Defendant, DISTRICT HOSPITAL PARTNERS, LP d/b/a The George Washington University Hospital (improperly identified as "George Washington University Hospital" in Plaintiff's Complaint) ("Defendant"), by and through counsel, KIERNAN TREBACH LLP, pursuant to Fed. R. Civ. P. 56, states as follows as and for its Reply to Plaintiff's Opposition to Defendant's Motion for Summary Judgment:

A detailed review of the record in this matter demonstrates that Plaintiff has failed to present evidence that Defendant's proffered reason for terminating Plaintiff's employment was pretextual or that the real reason for termination was discriminatory or retaliatory. *See Memorandum Opinion [Dkt. #11] citing Baloch v. Kempthorne*, 550 F.3d 1191, 1196 (D.C. Cir. 2008). Rather, according to his Opposition, "Plaintiff believes that his termination for asking for a [M]uslim holiday, unlike a [C]hristian holiday that the calendar system is already set up to favor was discriminatory…and should have resulted in his request being accommodated." *See Reply*, p. 3. Plaintiff further argues that his history of willingness to work, and working many hours of overtime, coupled with his *beliefs* about other employee availability to fill jobs, should allow his claim to reach a jury. *Id.* (emphasis added). For the reasons set forth below, Plaintiff's

1

"beliefs" do not advance his cause, his proffered arguments are misplaced, and summary judgment should be entered in favor of Defendant.

As an initial matter, Plaintiff's Complaint is devoid of any claim for discrimination or retaliation as arising from his purported request for an accommodation based on his religion. *See Complaint, generally.* Indeed, in evaluating that Complaint in the context of Defendant's initial Motion to Dismiss, no such claim was recognized by the Court. *See Memorandum Opinion* [Dkt. #11]. Insofar as this action does not include any claim for failure to accommodate, the Court should disregard any such arguments proffered by Plaintiff. *See, generally, Complaint and Memorandum Opinion* [Dkt. #11].

The arguments set forth in Plaintiff's Opposition should also be rejected because Plaintiff's history of willingness to work and working many hours of overtime do not speak to the undisputed material fact that he presented to work on July 6, 2016, became upset about his work assignment and behaved inappropriately towards a co-worker. *See, Defendant's Statement of Material Facts Not In Dispute and Plaintiff's Response to Defendant's Statement of Material Facts Not In Dispute,* ¶¶ 16, 17, 18, 19, 20, 21, 25, 26. That undisputed inappropriate behavior by Plaintiff served as the basis for Defendant's termination decision, and there is no evidence upon which to question the legitimacy of Defendant's decision. *See, Defendant's Statement of Material Facts Not In Dispute and Plaintiff's Response to Defendant's Statement of Material Facts Not In Dispute,* ¶¶ 28, 29. Plaintiff has not offered evidence of any comparator employee who was treated more favorably than he was treated under similar circumstances and he has not otherwise presented any evidence upon which a jury may reasonably question the basis for the termination decision at issue.

In addition to the foregoing, Plaintiff's argument concerning the availability of other employees to fill Plaintiff's work assignment for July 6, 2016 is supported only by Plaintiff's conclusory statement in his Affidavit that, "[t]he hospital was properly staffed." *See Reply, Affidavit*, ¶ 5. That vague statement does not indicate that Defendant could have timely found a replacement worker for Plaintiff on July 6, 2016. Moreover, Plaintiff testified at deposition that he self-scheduled himself in advance to work on July 6, 2016 and then attempted to cancel his shift in the morning before his shift commenced.[1] There is no evidence regarding any other employee to have taken such action or regarding any employee available to cover Plaintiff's shift. Plaintiff's self-serving, unsupported and generalized statement cannot support a finding of discriminatory or retaliatory motive on the part of Defendant and any such statement should be rejected by the Court.

Plaintiff's effort to withstand summary judgment by relying on his "positive relationship" with supervisors should also be rejected. *See, Opposition*, p. 5. In that regard, Plaintiff's argument defies logic and is not probative of Defendant's motive in his termination or any challenge to the legitimacy of the termination decision. In context, there is no dispute concerning Plaintiff's own inappropriate behavior on July 6, 2016 and, accordingly, his positive (or negative) relationship with his supervisors is irrelevant and not a sufficient basis upon which Plaintiff's claims should reach a jury.

As set forth in Defendant's Motion for Summary Judgment, Plaintiff has failed to present evidence showing that Plaintiff was terminated from employment with Defendant *because of* his race, sex or religion, and no reasonable jury could find any causal nexus between Plaintiff's termination and any protected conduct. *Baloch v. Kempthorne*, 550 F.3d 1191 (D.C. Cir. 2008),

---

[1] See Exhibit A hereto – Transcript of Plaintiff's Deposition, p. 74, l. 20 - p. 86, l. 21.

*Taylor v. Small*, 350 F.3d 1286 (D.C. Cir. 2003). Indeed, Plaintiff failed to present evidence that employees outside of his protected group were treated more favorably, failed to present evidence of dishonest or inconsistent explanations proffered by Defendant, failed to present evidence of any deviation from Defendant's standard procedures or criteria, and failed to present evidence of poor treatment of any other employee in Plaintiff's protected group. *See Memorandum Opinion* [Dkt. #11]. Based on entire record in this matter, there is no relevant evidence upon which a jury could reasonably conclude that Defendant had an illicit motive in Plaintiff's termination. Accordingly, Defendant respectfully submits that summary judgment should be granted as a matter of law and that this action should be dismissed with prejudice in its entirety.

    WHEREFORE, Defendant respectfully requests that its Motion for Summary Judgment be granted, that this civil action be dismissed with prejudice, that Defendant be awarded its costs, expenses and attorney's fees, and that the Court provide such other and further relief in favor of Defendant as may be just and proper.

DATED: November 2, 2021.    Respectfully submitted,

DISTRICT HOSPITAL PARTNERS, LP

By Counsel

KIERNAN TREBACH LLP

*/s/ Alan S. Block*
Alan S. Block  #431010
Kiernan Trebach LLP
1233 20th Street, N.W., 8th Floor
Washington, D.C. 20036
Telephone: (202) 712-7000
ablock@kiernantrebach.com

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing was served via the Court's Electronic Case Filing System this 2nd day of November, 2021 upon:

F. Joseph Gormley, Esq.
790 Shelton Road
Crownsville, MD 21032
fjgormley@fjgormley.com
*Counsel for Plaintiff*

/s/ Alan S. Block
Alan S. Block  #431010